UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY A. ORTIZ,

        Plaintiff,

v.                                                              CASE NO. 8:05-CV-1360-T-MAP

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

        Defendant.
_____/

## **ORDER**

Pursuant to 42 U.S.C. §§ 405 (g), Plaintiff seeks judicial review of the Commissioner's decision denying her claim for Social Security disability insurance benefits. Plaintiff alleges that the ALJ erred by not properly considering and assessing her impairments due to depression and anxiety and by not properly considering the combined effects of all her impairments and symptoms.  After reviewing the record, I conclude that the ALJ appropriately followed the regulatory scheme and that his findings are supported by substantial evidence.

    *A.  Background*

Plaintiff, who was 48 years old at the time of her administrative hearing, alleges a disability onset date of October 5, 1998, due to back pain, tennis elbow, migraines, anxiety and depression.  Plaintiff has a limited tenth grade education in Puerto Rico and work experience as a hand cutter, hand presser and hand packager.  After reviewing and evaluating the record evidence, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a restricted range of medium work. Although she is unable to perform any of her past relevant work, the ALJ

concluded, based on the vocational expert's testimony, that Plaintiff could perform work in the national economy.

   B.   *Standard of Review*

   The Social Security Administration, in order to regularize the adjudicative process, has established a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416. 920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920 (a).  Thus, the Commissioner must determine in sequence the following: whether the claimant is engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e. one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation process requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education and work experience.  A claimant is entitled to benefits only if unable to perform other work. *See* 20 C.F.R. § 416.920 (f); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

   In reviewing the ALJ's findings, this Court must ask if they are supported by substantial evidence. 42 U.S.C. 405 (g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if the evidence presented weighs against the Commissioner's decision, it must be affirmed if supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance." *Richardson*, 402 U.S. at 401. "It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, 703 F.2d at 1233. If supported by substantial evidence, findings of the Commissioner are conclusive.  42 U.S.C. § 405 (g).

2

C.  *Discussion*

    1.  *The ALJ properly considered and assessed Plaintiff's impairment due to depression and anxiety*

Plaintiff alleges that the ALJ did not properly consider and assess Plaintiff's impairments due to depression and anxiety.  Plaintiff specifically alleges that the ALJ ignored the opinion of her treating physicians, Drs. Barton and Milliam, and improperly relied on the assessments of the non-treating state agency doctors.  In May 2003, Dr. Barton opined that Plaintiff's mental condition precluded her from work training or work and that it would last for at least another six months.  In May 2004, Dr. Milliam opined that Plaintiff could not work at all.  In response, Defendant asserts that the ALJ properly relied on all the medical evidence in finding that Plaintiff's depression and anxiety were not disabling.

The law of this Circuit requires that the testimony of a treating physician be given substantial or considerable weight unless "good cause" is shown to the contrary.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The Commissioner's regulations dictate a similar preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 C.F.R. § 416.927(d)(2). Good cause can be shown to exist where the evidence does not bolster the treating physician's opinion, the evidence supports a contrary finding, or the doctor's opinions are conclusory or inconsistent with their own medical records.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also* 20 C.F.R. § 416.927(d)(2).   Nonetheless, the physician's opinion is not sacred.  A treating source's opinion that a claimant is unable to work

is not a "medical opinion" as defined by the regulations, but is an opinion on an issue reserved to the Commissioner.  20 C.F.R. §416.927 (e) (1).  Where the record contains such an opinion, the ALJ must evaluate all the evidence to determine the extent that it is supported by the record because an opinion that a claimant is unable to work is never entitled to controlling weight or special significance.  S.S.R. 96-5p 1996 WL 374183, *1-3 (S.S.A.).

Pursuant to these rules, the ALJ gave great weight to the opinion of the Plaintiff's treating sources.  In fact, the ALJ specifically noted in his opinion that he "accords great weight to the treating sources at St. Joseph Bay Care and Bay Care Life Management because they had treating relationships with the claimant and their opinions are consistent with each other and the evidence of the record as a whole" (R. 20).  Consistent with the treating sources' opinions and the record as a whole, the ALJ determined that Plaintiff's anxiety disorder and depression were "severe" within the meaning of the regulations but not "severe" enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; and therefore, not "disabling."  Plaintiff's ongoing treatment history provides substantial evidence to support the ALJ's finding that her anxiety disorder and depression were not "disabling."  Plaintiff's progress notes from April 2001 to May 2004 show that although she suffered from anxiety and depression, she obtained relief from the prescribed medications.  In October 2002, Plaintiff reported feeling less overwhelmed (R. 166).  In December 2002, Plaintiff reported that Paxil was helping her (R. 163).  In March 2003, Plaintiff stated that she felt better and calm, it was also noted that her affect was brighter and she smiled throughout the session (R. 155).  Another progress note dated February 2004 indicated that Plaintiff's medication was controlling her depression symptoms (R. 249).  Dr. Barton's opinion that Plaintiff's condition would last at least six months also supports a finding that Plaintiff is not

"disabled" because her "impairment is [not] expected to last for a continuous period of at least twelve months." *See* 20 C.F.R. § 416.920 (f). Furthermore, Drs. Barton and Milliam's opinion that Plaintiff "could not work" is not entitled to any controlling weight or special significance, since it is not a "medical opinion" as defined by the regulations, but is an opinion on an issue reserved to the Commissioner. S.S.R. 96-5p 1996 WL 374183, *1-3 (S.S.A.); C.F.R. §416.927 (e) (1). Therefore, the ALJ did not err in finding that Plaintiff's anxiety disorder and depression were not "disabling" within the meaning of the Act.

The ALJ also properly relied on the opinion of the non-treating state agency psychologist at the initial level. Dr. LeVasseur opined that Plaintiff had mild restrictions in daily living; mild difficulties in maintaining social functioning; and moderate difficulties in maintaining concentration, persistence, or pace (R. 138). In according weight to Dr. LeVasseur's opinion the ALJ specifically noted that he found the psychologist's opinion to be quite consistent with all the private treatment sources (R. 21). As such, it was not improper for the ALJ to rely on Dr. LeVasseur's opinion in determining that Plaintiff has the following "Part B" mental limitation: moderate difficulties in maintaining concentration, persistence or pace"; and therefore not "disabled." *See* 20 C.F.R. § 416. 927(f) (opinions of non-examining sources are to be considered).

   2. *The ALJ properly considered the combined effects of Plaintiff's impairments and symptoms*

Plaintiff alleges that the ALJ did not properly consider the combined effects of all her

impairments and symptoms.  Plaintiff specifically alleges that the ALJ erred in finding that her low back pain, right ganglion cyst and surgery, left tennis elbow and migraine headaches were not "severe."  In response, Defendant asserts that the ALJ did consider in detail Plaintiff's allegations concerning these impairments and the related treatment evidence in finding that these impairments were not "severe."

At step two of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe.  *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); 20 C.F.R. §§ 404.1520, 416.920.  This is a "threshold" inquiry and allows only the claims based on the most trivial impairments to be rejected.  *Id.*  An impairment is not severe if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the claimant's ability to work, irrespective of age, education, or work experience. *Id.*; *see* 20 C.F.R. §§ 404.1520, 416.920.  The severity of a medically determinable impairment must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality.  *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  A claimant who establishes the inability to perform past work activities has a severe impairment.  *Flynn v. Heckler*, 768 F.2d 1273, 1275 (11th Cir. 1985). The regulations require that when any severe impairment exists, all medically determinable impairments, even those classified as non-severe, must be considered in the remaining steps of the sequential analysis.  *See* 20 C.F.R. 404.1523.

Pursuant to these rules, the ALJ found that Plaintiff suffered from severe bilateral carpal tunnel syndrome, status-post bilateral decompression surgeries, anxiety and depression but that her histories of low back pain, right ganglion cyst and surgery, left tennis elbow and migraine headaches were not severe.  The ALJ properly considered and discussed Plaintiff's impairments

6

in combination in steps four and five of the sequential analysis.  Prior to determining Plaintiff's RFC, the ALJ considered all the medical opinions in the record, as well as Plaintiff's testimony and subjective complaints.  Although Plaintiff has a history of low back pain, her treatment records do not support a finding of the severity alleged.  In April 2001, Plaintiff's lumbosacral spine x-ray was normal  (R. 222).  In a consultative examination on October 28, 2002, Dr. Adams carefully examined Plaintiff's low back and found no lumbar list nor flattening, or no thigh or calf dyssmmetry  (R. 122).  Dr. Adams also noted that Plaintiff does not use a cane, crutch, or walker and does not appear to need one  (R. 122).  Plaintiff reported that her back hurt, but Dr. Adams noted that there was no problem with gait, grip strength or fine manipulations  (R. 122).  Furthermore, Plaintiff's testimony regarding her daily activities does not support the alleged severity of pain and functional limitations.  Plaintiff testified she does most of the household tasks, which includes shopping, cleaning, and cooking  (R. 87-88).

Plaintiff also had a history of right ganglion cyst and left tennis elbow but her treatment records do not support a finding of the severity alleged.  On August 14, 2002, Dr. Nieto surgically removed the ganglion cyst from Plaintiff's right wrist  (R. 242).  A follow-up on August 26, 2002 showed that the surgical wound was well healed and that the sutures were removed.  (R. 246).  During the October 2002 examination, Dr. Adams carefully examined the right wrist and noted the surgical scar as well as, no loss of motion, no deformity, no signs of acute inflammation, nor signs of any recurrence of ganglion cyst  (R. 121).  Dr. Adams also carefully examined Plaintiff's left elbow  (R. 121).  He noted that there was no loss of motion, no deformity, no signs of acute inflammation except for subjective sensitivity to palpation over the lateral epicondyle suggesting lateral epicondylitis or tennis elbow  (R. 121).  As to Plaintiff's history of migraine headaches, Plaintiff's treatment records only show two references to

headaches  (R. 168, 179) and no references to any ongoing treatment for migraine headaches. Therefore, Plaintiff's treatment record does not support a finding of the severity alleged.  As to Plaintiff's anxiety and depression, Plaintiff has acknowledged that her medications help control this  (R. 163, 249).

Based on all this record evidence, the ALJ found that Plaintiff had a RFC to perform a restricted range of medium work activity with limitations for occasional lifting and/or carrying 50 pounds; frequent lifting and/or carrying 25 pounds; standing, walking and/or sitting for six hours in an eight-hour workday  (R. 22).  In addition, the ALJ limited Plaintiff to no more than occasional pushing and/or pulling with upper extremities; no more than occasional fine fingering with either hand; and repetitive vibrations  (R. 22).  The ALJ also limited Plaintiff's RFC to performing simple, routine repetitive tasks based on her mental impairments  (R. 22). With these limitations, the vocational expert opined that Plaintiff was incapable of performing any of her past relevant work, but that she could perform as a dishwasher/kitchen helper, a janitor/cleaner and a dining room attendant  (R. 22-24). The ALJ fully and adequately considered all of Plaintiff's impairments as his findings are supported by substantial evidence in the record.

*D.  Conclusion*

Accordingly, it is

ORDERED:

1.  The Plaintiff's complaint is DISMISSED and the Commissioner's decision is AFFIRMED.

2.  The Clerk is directed to enter judgment for the Commissioner.

DONE and ORDERED in Tampa, Florida, on this 19th day of April 2006.

8

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record